John M. Toriello
Patrick J. Sweeney
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Telephone (212) 513-3200
Facsimile (212) 385-9010

*Counsel to Home Loan and Investment*
*Bank, F.S.B., f/k/a Ocean Bank, F.S.B.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HOME LOAN AND INVESTMENT BANK, F.S.B.,      :
f/k/a OCEAN BANK, F.S.B.

                                                                :   Civil Action No. _____

                    Plaintiff,                                  

                                                                :   **COMPLAINT**

v.                                                              :

LAUDAY, INC., DESTINY3 INC., ANDREA        :
TORRUELLAS, THE STATE OF NEW YORK, THE
CITY OF NEW YORK, MATTHEW BARRETT,         :   **KORMAN, J.**
ARETHA BARRETT and JOHN DOE Nos. 1-100      :

                    Defendants.                                 :

                                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Home Loan and Investment Bank, F.S.B., f/k/a Ocean Bank, F.S.B. ("Home

Loan" or "Lender"), by and through its attorneys, Holland & Knight LLP, for its complaint

against defendants Lauday Inc., Destiny3 Inc., Andrea Torruellas, the State of New York, the

City of New York, Matthew Barrett, Aretha Barrett and John Doe Nos. 1-100, respectfully

alleges upon information and belief as follows:

## NATURE OF ACTION

1.     This action is brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering several parcels of real property located in the County of Kings (collectively, those parcels, which are described more particularly below, are referred to herein as the "Mortgaged Property"), and pursuant to Article 9 of the New York Uniform Commercial Code, to exercise on security agreements.

2.     The several parcels constituting the Mortgaged Property are as follows:

    a.  PARCEL A-1: 1198 a/k/a 1196 Nostrand Avenue, Brooklyn, NY 11225;

    b.  PARCEL I: 1200 a/k/a 1198 Nostrand Avenue, Brooklyn, NY 11225;

    c.  PARCEL II: 1202 a/k/a/ 1204 Nostrand Avenue, Brooklyn, NY 11225;

    d.  PARCEL III: 1204 a/k/a/ 1202 Nostrand Avenue, Brooklyn, NY 11225;

    e.  PARCEL IV: 1206 a/k/a 1204 Nostrand Avenue, a/k/a 295/301 Hawthorn Street, Brooklyn, NY 11225; and

    f.  PARCEL V: 291/293 Hawthorn Street, Brooklyn, NY 11225.

Each of the six parcels is located within the County of Kings, State of New York, and, collectively, is designated on the Land-Tax Map of the County of Kings as Block 544, Lots 48-53. Attached hereto as Exhibit A is an accurate legal description for each of the several parcels constituting the Mortgaged Property.

## THE PARTIES

3.     Plaintiff Home Loan is a national banking association organized and existing under and by virtue of the laws of the United States of America, and having its office and principal place of business at 1 Home Loan Plaza, Warwick, Rhode Island 02886.

4.     Home Loan is the owner and holder of a Note and a Mortgage (as such terms are defined below) which evidence and secure a debt in favor of Home Loan. Home Loan also is the holder of an Unconditional Guarantee (as such term is defined below) secures repayment of the debt underlying the aforesaid Note and Mortgage.

5.     Defendant Lauday Inc. and Defendant Destiny3 Inc. are both New York corporations, each with its principal place of business at 1204 Nostrand Avenue, Brooklyn, New York 11225 and each is made a defendant to this action because, under the Note and Mortgage: (i) each was a titled and recorded owner of the Mortgaged Property; (ii) each is a borrower of the loan; (iii) each is a Mortgagor under the Mortgage; and (iv) each is a grantor of the security interest.

6.     Upon information and belief, defendant Andrea Torruellas resides at 106 Park Avenue, Bay Shore, New York 11706. Andrea Torruellas is made a defendant to this action because she unconditionally guaranteed payment of the indebtedness underlying the mortgage which is the subject matter of this foreclosure action.

7.     The State of New York are made a defendant to this action because the People of the State of New York may have or claim to have a lien for unpaid New York State franchise taxes.

8.     The City of New York are made a defendant to this action because the People of the City of New York may have or claim to have a lien for unpaid New York City business taxes, or for amounts owed to the Environmental Control Board or due as a result of judgment against Lauday, Inc.

9.     Upon information and belief, Matthew Barrett is a citizen of the State of New York and is made a defendant to this action because he is the plaintiff in an lawsuit currently

3

pending in the Supreme Court for the State of New York, wherein he has sought, *inter alia*, an order of foreclosure and sale concerning one of the several parcels which are the subject matter of this action.

10.     Upon information and belief, Aretha Barrett is a citizen of the State of New York and is made a defendant to this action because he is the plaintiff in an lawsuit currently pending in the Supreme Court for the State of New York, wherein he has sought, *inter alia*, an order of foreclosure and sale concerning one of the several parcels which are the subject matter of this action.

11.     Upon information and belief, the Doe Defendants are persons, parties, corporations or other entities, if any, who are presently unknown to plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Mortgaged Property, or any portion thereof.

12.     Upon information and belief, each of the aforementioned Defendants may either have obligations with respect to or arising out of the Loan or claims to have, may claim to have or may have some right, title or interest in or lien upon the Mortgaged Property, which right, title, interest or lien, if any, is subject to and subordinate to the liens of the Lender.

## JURISDICTION AND VENUE

13.     This action is between citizens of different states.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.  Therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1332.

14.     Venue is based on 28 U.S.C. § 1391.  A substantial part of the events giving rise to this action took place within the jurisdiction of this Court.

4

## FACTUAL BACKGROUND

15.     On or about March 15, 2007, Andrea Torruellas, in her capacity as president of Lauday, Inc. and Destiny3, Inc (collectively, "Borrowers"), executed the following: (i) a Small Business Administration Note in favor of Home Loan, in the principal amount of $1,435,000.00 (the "Note"); and (ii) an Assumption of Mortgage, Consolidation, Modification and Extension Agreement with Security Agreement, in favor of Home Loan (hereinafter "Mortgage"). A Copy of the Note and a copy of the Mortgage are annexed hereto as Exhibit B and Exhibit C, respectively.

16.     On or about March 15, 2007, to evidence and secure the obligation under the Note and Mortgage, Andrea Torruellas, in her capacity as president of Lauday, Inc., executed a separate security agreement (the "Lauday Inc. Security Agreement") granting a security interest in favor of Home Loan in all of Lauday Inc.'s tangible and intangible property, as specifically defined in the Security Agreement (the "Lauday Inc. Collateral"). Annexed hereto as Exhibit D is a copy of the Lauday Inc. Security Agreement.

17.     On or about March 15, 2007, to evidence and secure the obligation under the Note and Mortgage, Andrea Torruellas, in her capacity as president of Destiny3 Inc., executed a separate security agreement (the "Destiny3 Inc. Security Agreement") granting a security interest in favor of Home Loan in all of Destiny3 Inc.'s tangible and intangible property, as specifically defined in the Security Agreement (the "Destiny3 Inc. Collateral"). Annexed hereto as Exhibit E is a copy of the Destiny3 Inc. Security Agreement. The aforementioned Lauday Inc. Collateral and the Destiny3 Collateral may be referred to collectively as the "Borrowers' Collateral."

18.     On or about March 15, 2007, Andrea Torruellas, in her personal capacity, executed an Unconditional Guarantee (the "Unconditional Guarantee"), guaranteeing the

Borrowers' obligations under the Note and Mortgage. Annexed hereto as Exhibit F is a copy of the Unconditional Guarantee. The aforementioned Note, Mortgage and Security Agreements, and the Unconditional Guarantee may be referred to collectively as the "Loan Documents."

19.   Pursuant to the Note, Borrowers promised to pay $1,435,000.00, plus interest, to the order of Home Loan.

20.   Pursuant to the Note, Borrowers agreed to pay interest to Home Loan on that part of the principal that had not been paid at the variable rate of the "prime rate" plus 2.00%, which rate at the commencement of the loan equated to 10.25% per annum and which rate was subject to adjustment quarterly.

21.   Pursuant to the Note, Borrowers agreed to pay Home Loan monthly installments of principal and interest payments commencing two months after the date of the Loan.

22.   Pursuant to the Note, Borrowers' failure to make timely payments or fulfill other obligations under the Loan Document would constitute default, whereupon Home Loan is entitled to take the following actions, without notice or demand:

      a.   Require immediate payment of all amounts owing from any Borrower or Guarantor;

      b.   Collect all amounts owing from any Borrower or Guarantor;

      c.   File suit and obtain judgment;

      d.   Take possession of any Collateral; or

      e.   Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

23.   Pursuant to the Mortgage, an event of default occurs, among other times, when the Borrowers fail to pay any portion of the debt within ten days of the payment's due date,

whereupon Home Loan has the right to accelerate the debt and to commence and maintain foreclosure proceedings.

24.     Moreover, pursuant to the Mortgage, "Borrower shall pay on demand all expenses of the Lender in connection with the preparation, administration, default, collection, waiver or amendment of loan terms, or in connection with the Lender's exercise, preservation or enforcement of any rights, remedies or options hereunder, including, without limitation, fees or outside legal counsel or the allocated costs of in-house legal counsel, accounting, consulting, brokerage or other similar professional fees or expenses… "

25.     Pursuant to the Unconditional Guarantee, Ms. Torruellas "unconditionally guarantees payment to Lender of all amounts owing under the Note" and, further, she must pay: (i) all amounts due under the Note when Lender makes written demand upon Guarantor; and (ii) all expenses incurred in enforcing the Unconditional Guarantee, including but not limited to attorneys' fees and costs.

## BORROWER'S DEFAULTS

24.     Borrowers have failed to comply with the terms and provisions of the Note in failing to make any payments owing on the Note since January, 2009.

25.     By letter dated April 7, 2009 ("April Letter"), through its counsel, Home Loan notified Borrowers that their delinquency constituted an event of default, and that the Lender was exercising its rights, pursuant to the Loan Documents, to declare the remaining unpaid principal balance of the Note and all other amounts payable under the Note, the Mortgage and the other Loan Documents immediately due and payable.  A copy of the April Letter is annexed hereto as Exhibit G.

26.    The letter further notified Borrowers that, in the event of their failure to make the payment demanded by April 20, 2009, the Lender would initiate foreclosure proceedings.

27.    Borrowers failed to make the payment Lender demanded.

28.    Due to the above-described defaults by both Borrowers, defendants Lauday, Inc., Destiny3 Inc., and Andrea Torruellas are indebted to Lender pursuant to the terms of the Loan Documents for:

    a.    The unpaid principal amounts under the Loan Documents, all accrued and unpaid interest, and all late charges, which sums, as of July 1, 2009, amounted to $1,478,576.64 in unpaid principal, interest, late charges, and recoupment fees;

    b.    Attorneys' fees, and other costs and disbursements, which have accrued which will further accrue until the amount due and payable under the Note and Mortgage is paid in full; and

    c.    Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Loan Documents until the amount due and payable under the Loan Documents is paid in full.

29.    No other action has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage, or recovery of the amounts due under the Note, or any part thereof.

30.    Lender requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a.    Any state of facts that an inspection of the Mortgaged Property might disclose;

8

b.  Any state of facts that an accurate survey of the Mortgaged Property might show;

c.  Any violations of law, ordinances, orders, or requirements noted in or issued by any state or municipal department having jurisdiction affecting the Mortgaged Property;

d.  Encroachments by balconies, ornamental trim, cornices, and fire escapes, if any, on the abutting street;

e.  Covenants, restrictions, easements and public utility agreements of record still in force and effect, if any;

f.  Building and zoning ordinances of the municipality in which the Mortgaged Property is located and possible violations of same;

g.  Any equity of redemption of the United States of America to redeem the Mortgaged Property within 120 days from date of sale;

h.  Any outstanding property taxes and water / sewage fees owing on the Mortgaged Property;

i.  Prior lien(s) of record on the Mortgaged Property, if any; and

j.  Existing leases, tenancies, licenses, and occupancies insofar as the same may not be cut off by this action.

31.    Lender will not be deemed to have waived, altered or released the defaults mentioned herein or changed the election to foreclose on the Mortgage by reason of receipt of any payment after the commencement of this action, and such election shall continue and remain effective.

### First Claim for Relief
### _Default under the Note and Mortgage_

32.     Home Loan repeats and re-alleges each and every allegation contained in all of the preceding paragraphs with the same force and effect as if fully set forth at length herein.

33.     The Borrowers entered into a valid Note and agreed to repay all sums when due pursuant to the terms of that Note.

34.     The Borrowers have failed to honor their obligations under the Note and Mortgage and are currently in default for failure to pay the Home Loan pursuant to the terms of the Note.

35.     As of July 1, 2009, the entire principal amount owed to the Home Loan under the Note, in the aggregate amount of $1,478,576.64, not including attorneys fees, became due and payable.

36.     Based on the foregoing, Home Loan seeks a judgment of foreclosure against the Mortgaged Property and the Borrowers.

### Second Claim for Relief
### _Default under the Guarantee_

37.     Home Loan repeats and re-alleges each and every allegation contained in all of the preceding paragraphs with the same force and effect as if fully set forth at length herein.

38.     Andrea Torruellas unconditional guaranteed the obligations of the Borrowers under the Note.

39.     Nevertheless, Andrea Torruellas have failed to honor their obligations under the Guarantees and are currently in default for failure to pay the Bank the amounts owed by the Borrowers, in the aggregate amount of $1,478,576.64, not including attorneys' fees, which is due and payable.

40.     Based on the foregoing, the Bank seeks a judgment against Andrea Torruellas pursuant to the terms of the Unconditional Guaranty, in the aggregate amount of $1,478,576.64, not including attorneys fees, which are due and payable.

### Third Claim for Relief
### *Demand under the Security Agreements*

41.     Home Loan repeats and re-alleges each and every allegation contained in all of the preceding paragraphs with the same force and effect as if fully set forth at length herein.

42.     The Borrowers each entered into a valid and binding Security Agreement, pursuant to which each granted the a security interest in all of its tangible and intangible property.

43.     The Borrowers each have failed to honor its obligations and is in default under the Note and Mortgage.

44.     Based on the foregoing, Home Loan seeks a judgment of foreclosure against the Borrowers' Collateral described in the above-referenced Security Agreements.

**WHEREFORE**, Home Loan and Investment Bank, F.S.B. respectfully requests that the Court enter judgment against Defendants and in favor of Home Loan and Investment Bank, F.S.B., adjudging and decreeing as follows:

1.     That judgment be entered in favor of Home Loan and Investment Bank, F.S.B. and against defendants Lauday, Inc. and Destiny3 Inc., that the Mortgage be foreclosed;

2.     That Defendants, and all persons or entities claiming by, through or under them or any of them, subsequent to the commencement of the instant action, and every other person or entity whose right, title or interest in conveyance of or encumbrance upon the Mortgaged Property was acquired subsequent or

subsequently recorded thereto, be barred and forever foreclosed of any and all right, claim, lien, interest or equity of redemption of, in and to the Mortgaged Property;

3. That the Mortgaged Property may be decreed to be sold, according to law, subject to the terms set forth in Paragraph thirty of this Complaint;

4. That the monies arising from the sale of the Mortgaged Property and be brought into Court;

5. That Home Loan and Investment Bank, F.S.B. be paid by Defendants Lauday, Inc., Destiny3 Inc., and Andrea Torruellas:

   b. The amounts remaining due under the Note with interest to the time of such payments;

   c. Any other amounts which during the pendency of this action may be paid by Home Loan and Investment Bank, F.S.B. pursuant to any term or provision of the Note, the Mortgage or the Guarantee set forth in this Complaint, or in order to protect, preserve or maintain the security for its liens, including, without limitation, taxes, water rates and sewer rents, insurance premiums and all other charges and liens upon the aforesaid Mortgaged Property, together with interest thereon computed from the dates of the respective payments and advances thereof as provided in the Loan Documents; and

   d. The costs and disbursements of this action and the sale including reasonable attorneys' fees, together with interest thereon;

6.     That upon Home Loan and Investment Bank, F.S.B.'s application therefore, this Court appoint a receiver of the rents and profits of the Mortgaged Property during the pendency of this action with the usual powers and duties;

7.     That Defendants Lauday, Inc., Destiny3 Inc., and Andrea Torruellas may be adjudged to pay the whole residue of the debt remaining unsatisfied after a sale of the Mortgaged Property and the Borrower's Collateral and the and the application of the proceeds pursuant to the directions contained in such judgment; and

8.     That Home Loan and Investment Bank, F.S.B. be awarded such other and further relief as is just, proper or equitable in the circumstances.

Dated: New York, New York
        July 17, 2009

                                        HOLLAND & KNIGHT LLP

                        By:     _____
                                        John M. Toriello
                                        Patrick J. Sweeney
                                        195 Broadway
                                        New York, New York  10007
                                        Telephone (212) 513-3200
                                        Facsimile (212) 385-9010

                                        *Attorneys for Plaintiff*
                                        *Home Loan and Investment Bank, F.S.B*

# 6310309_v1

13