UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
HOME LOAN AND INVESTMENT BANK, F.S.B.,
f/k/a OCEAN BANK, F.S.B.,

                                      Plaintiff,                09 CV 3088 (ERK)

                -against-

LAUDAY, INC., DESTINY3 INC., ANDREA         **ANSWER TO SECOND**
TORRUELLAS, THE STATE OF NEW YORK, THE     **AMENDED COMPLAINT**
CITY OF NEW YORK, ARETHA BARRETT,
ARETHA BARRETT REALTY CORP., MATTHEW
BARRETT R.S. SAUNDERS FUNERAL HOME, INC.,
COMMUNITY NATIONAL BANK, and JOHN DOE
Nos. 1-100,

                                   Defendants.
-------------------------------------------------------------------------X

        Defendants Aretha Barrett, Aretha Barrett Realty Corp., and Matthew Barrett R.S. Saunders Funeral Home, Inc., by their attorney Richard E. Hershenson, for their answer to the second amended complaint, state and allege upon information and belief:

## INTRODUCTION

        Defendant Aretha Barrett is an 83-year-old woman in poor health confined to home in Florida and has been the victim of a colossal fraud by the defendant Andrea Torruellas as described herein. That fraud has resulted in a loss well over a Million Dollars to Mrs. Barrett as will be described herein.

        As to the allegations of the second amended complaint, these answering defendants:

        1. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 1 through 8.

2. Admit the allegations as to the status and residence of these answering defendants, and deny knowledge or information sufficient to form a belief as to the allegations of the remainder of paragraphs 9 through 11.

3. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 12 and 13.

4. Deny the allegations of paragraph 14.

5. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 15 through 35, 37 through 40, 42 through 44, and 46 through 48.

6. In answer to paragraphs 36, 41 and 45, repeat each response made hereinabove to the referenced paragraphs.

### FIRST DEFENSE

7. Plaintiff is barred and has waived and is estopped from any relief against Mrs. Barrett (and the other answering defendants) by having failed to serve the complaint within 120 days of filing and having not pursued the action against Mrs. Barrett and having discontinued the action as against her.

### SECOND DEFENSE

8. Plaintiff is barred from relief in this action against these answering defendants because plaintiff and its predecessors are not good faith mortgagees for value.

### THIRD DEFENSE

9. Plaintiff and its predecessors have unclean hands.

...

**FOURTH DEFENSE**

10. The rights of the plaintiff lender are subject and subordinate to the rights of Mrs. Barrett in the subject real property.

**COUNTERCLAIM, CROSS-CLAIM AND FIFTH DEFENSE**

11. Defendants Andrea Torruellas – the principal culprit - and her corporations Lauday, Inc. and Destiny 3, Inc. have committed a colossal fraud against these answering defendants through which she has blatantly, criminally and venally stolen well over a million dollars from them.

12. This colossal fraud has included, without limitation, Torruellas's (1) selling a valuable property believed to be worth in excess of $1,000,000 which he had pledged to Mrs. Barrett and had expressly covenanted not to do without her express prior written consent; (2) contracting to sell another valuable piece of property for a price of $730,000 which she had pledged to Mrs. Barrett and had expressly covenanted not to do without her express prior written consent – fortunately that contract was blocked by Order of the Supreme Court, Kings County; (3) borrowing money in excess of $800,000 on valuable properties and executing and delivering mortgages on them on the property she had pledged to Mrs. Barrett when she had expressly agreed not to borrow beyond a certain sum.

13. As set forth hereafter, upon information and belief, Andrea Torruellas committed such a grievous and criminal fraud that plaintiff and its predecessors, on the basis of information reasonably available to them through documents and due diligence and otherwise whether through the fraud of Torruellas or otherwise, must have and/or should have known that there was something

3

**FOURTH DEFENSE**

10. The rights of the plaintiff lender are subject and subordinate to the rights of Mrs. Barrett in the subject real property.

**COUNTERCLAIM, CROSS-CLAIM AND FIFTH DEFENSE**

11. Defendants Andrea Torruellas – the principal culprit - and her corporations Lauday, Inc. and Destiny 3, Inc. have committed a colossal fraud against these answering defendants through which she has blatantly, criminally and venally stolen well over a million dollars from them.

12. This colossal fraud has included, without limitation, Torruellas's (1) selling a valuable property believed to be worth in excess of $1,000,000 which he had pledged to Mrs. Barrett and had expressly covenanted not to do without her express prior written consent; (2) contracting to sell another valuable piece of property for a price of $730,000 which she had pledged to Mrs. Barrett and had expressly covenanted not to do without her express prior written consent – fortunately that contract was blocked by Order of the Supreme Court, Kings County; (3) borrowing money in excess of $800,000 on valuable properties and executing and delivering mortgages on them on the property she had pledged to Mrs. Barrett when she had expressly agreed not to borrow beyond a certain sum.

13. As set forth hereafter, upon information and belief, Andrea Torruellas committed such a grievous and criminal fraud that plaintiff and its predecessors, on the basis of information reasonably available to them through documents and due diligence and otherwise whether through the fraud of Torruellas or otherwise, must have and/or should have known that there was something

3

wrong and that she and her companies did not have the right to borrow moneys from them and mortgage these properties to them.

14. The following is a summary of the history and a description of the fraud perpetrated by Torruellas.

15. Mrs. Barrett and her husband for many years owned and had a successful funeral home business on Nostrand Avenue, Brooklyn, New York and they also owned valuable real estate on which the funeral home stands and adjoining rental units of ten apartments, together with other valuable real property.

16. After Mrs. Barrett's husband passed away, on or about November 3, 2000 Torruellas, an employee of the funeral home business, and two other employees through Torruellas's corporations, Lauday, Inc. and Destiny 3, Inc., purchased from Mrs. Barrett and her two corporations the funeral home business and the real estate on which it stands and adjoins plus additional parcels of real property for a total purchase price of $1,500,000.00.

17. The contracts of sale for the business and the real estate were expressly provided to be interdependent so that a default under one contract would be a default under the other contract.

18. The properties that were sold include all of the properties being foreclosed in this action as well as other parcels.

19. The two subject corporations Lauday, Inc. and Destiny 3, Inc. are owned and controlled by Torruellas.

20. Payment for the business and the real property were to be made pursuant to promissory notes guaranteed by Torruellas and the other two employees.

4

21. By on or about May 29, 2003 Torruellas and her corporations were allegedly having financial difficulties so she prevailed upon Mrs. Barrett to restructure the debt that her corporations owed to Mrs. Barrett.

22. On or about May 29, 2003 Torruellas's corporation(s) secured a loan from a third party lender for $1,075,000.00, for which they needed the cooperation of Mrs. Barrett and her corporations. Mrs. Barrett agreed to give them her cooperation.

23. Accordingly, an agreement called "Escrow Agreement" was executed on or about May 29, 2003 by Mrs. Barrett and her corporations and Torruellas's corporations to allow them to obtain the $1,075,000.00 financing they needed in order to address their financial problems and pay off the mortgage representing the purchase price for the realty.

24. The balance due on the Note due to Mrs. Barrett from Torruellas's corporation and guaranteed by Torruellas for the purchase of the business was reduced to approximately $902,000.00 and the amortization for that note was changed such that payments would be $8,000.00 per month.

25. The Escrow Agreement provided that the real property previously mortgaged would be deemed collateral for payment of the note of approximately $902,000.00 for the purchase of the business which has never been paid by Torruellas's corporation.

26. The Escrow Agreement provided, instead of there being any further mortgage as collateral for the notes, that deeds to the real properties would be executed by Lauday, Inc. as grantor to Mrs. Barrett as grantee and held in escrow by Bruce Feffer, Esq. as Escrow Agent pending the faithful performance of paying off in full the Note to Mrs. Barrett.

5

27. Pursuant to the Escrow Agreement, deeds to the properties were executed by defendant Lauday, Inc. as grantor to plaintiff as grantee and delivered to Bruce Feffer, Esq. as escrow agent for plaintiff.

28. The Escrow Agreement further provided by DECLARATION signed by Torruellas through her company Lauday, Inc. that Lauday "does hereby covenant, promise and agree not to initiate the transfer of title to, or the sale of, any of the properties identified in Schedule A hereto, without the express prior written consent of Aretha D. Barrett, her agents, successors or assigns, until November 1, 2018. (Emphasis added).

29. Additionally, a NOTICE OF LIMITATION ON FURTHER ENCUMBRANCE was signed by Torruellas through her company Lauday, Inc. stating that Lauday has executed a mortgage dated May 29, 2003 with Flushing Savings Bank in the amount of $1,075,000.00 [i.e., upon information and belief, the original mortgage leading to the mortgage sought to be foreclosed herein] and that "notice is hereby given that the Mortgage, or any future mortgage, shall secure an amount not to exceed $1,075,000.00." (Emphasis added).

30. Upon information and belief, in or about September, 2005, Torruellas via her corporation, Lauday, Inc., without the prior knowledge or written consent of Mrs. Barrett and with a very substantial balance still due on the Note, sold 219 Malcolm X Boulevard and 221 Malcolm X Boulevard. This was in egregious and blatant violation of the Escrow Agreement and the DECLARATION in connection with the Escrow Agreement whereby Lauday, Inc., i.e. Torruellas, had expressly covenanted not to do so. Upon information and belief, that property was resold within one year for a price of twice the amount of the sale price to Torruellas.

31. After making some monthly payments of $8,000.00 on the $900,000 Note to Mrs. Barrett, Torruellas's corporation defaulted in its obligations by failing to make several monthly payments on the Note totaling $56,000.00 through July, 2007. No payments have been made since that time.

32. Accordingly, on or about July 23, 2007, Bruce Feffer, Esq., as the Escrow Agent, sent written notice to Torruellas's corporations that there had been a default on the Note and that pursuant to the terms of the Escrow Agreement, the default had to be cured within thirty days.

33. The default on the Note was not cured within the thirty days, or at any time.

34. Under the terms of the Escrow Agreement, Mrs. Barrett was entitled to record the deeds in her name upon the default under the Note and the failure to cure after thirty days notice.

35. Bruce Feffer, as Escrow Agent, attempted to record the deeds to the Properties.

36. Unfortunately, when Mr. Feffer attempted to record those deeds, the City Register of the City of New York, County of Kings, stated that it would not accept deeds for filing without transfer tax and related forms executed by both grantee and grantor, i.e. the wrongdoer, defendant Lauday, Inc. owned and controlled by Torruellas.

37. Having already blatantly violated the Escrow Agreement and Declaration by conveying the properties on Malcolm X Boulevard, Torruellas through Lauday, Inc. also wrongfully contracted to sell yet a third one of the Properties located at 217 Malcolm X Boulevard at a sale price of $730,000.00 which sale would have violated the Covenant. The

proposed sale was blocked and the contract was held to be null and void by Decision and Order of the Supreme Court, Kings County (Ruchelsman, J.) dated March 10, 2008. That Decision and Order also provided that the sales by Lauday were improper.

38. The Decision and Order of Judge Ruchelsman dated March 10, 2008 further held that the deeds to the Properties from defendant Lauday, Inc. as grantor to Mrs. Barrett as grantee are considered to be mortgages and are required to be foreclosed as mortgages.

39. Pursuant to that Decision and Order and otherwise, Mrs. Barrett brought an action in Supreme Court, Kings County, to foreclose those deeds to the Properties as mortgages. That action is known as <u>Barrett v. Lauday, Inc.</u>, Index No. 11674/08. Those properties included the properties in the instant action as well as other properties.

40. The Complaint in the instant action shows that Torruellas has apparently borrowed another $400,000 from the banks, the successor of which is apparently the plaintiff herein. This was in violation of the Escrow Agreement and Declaration and NOTICE OF LIMITATION prohibiting Torruellas and her corporation from encumbering the property for an amount more than $1,075,000.

41. Torruellas did not pay one penny of these borrowed funds to Mrs. Barrett.

42. Mrs. Barrett's attorneys have further discovered that Torruellas through Lauday, Inc. borrowed yet another $400,000 in violation of the Escrow Agreement and Declaration and NOTICE OF LIMITATION from another lending bank to which she has made payments while not paying one penny to Mrs. Barrett.

43. Also, for many years while Torruellas has been in "ownership" and possession of the properties she has been collecting total rents of an estimated $13,000 per month on the ten units of apartments on the premises – not one penny of which has she remitted to Mrs. Barrett.

44. Thus, by this colossal fraud, Torruellas has violated all of her agreements and stolen from Mrs. Barrett well over a million dollars.

45. By reason of the foregoing, Torruellas and her corporations Lauday, Inc. and Destiny 3, Inc. should be required to pay compensatory damages to Mrs. Barrett in the amount of at least Two Million Dollars and punitive damages of Three Hundred Million Dollars.

46. By reason of the foregoing, the Court should declare that plaintiff should be barred from foreclosing as against Mrs. Barrett and these other answering defendants, and plaintiff's rights are subject and subordinate to the rights of these answering defendants.

47. These answering defendants have no adequate remedy at law.

WHEREFORE, these answering defendants respectfully pray that the second amended complaint be dismissed; that the Court declare that the interest of Aretha Barrett in the subject real property has priority over any interest of the plaintiff in that property; that Aretha Barrett have judgment against Andrea Torruellas, Lauday, Inc., and Destiny 3, Inc. in the amount of at least $2,000,000 in compensatory damages and $300,000,000 in punitive damages plus her attorneys fees; and granting these answering defendants such other and further relief as may be just and proper.

Dated: New York, New York
      June 8, 2010

_____
RICHARD E. HERSHENSON (RH 9096)
Attorney for Defendants Aretha Barrett,
Aretha Barrett Realty Corp., and
Matthew Barrett R.S. Saunders Funeral
Home, Inc.
30 Broad Street – 15th Floor
New York, New York 10004
(212) 754-1053