UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

HOME LOAN AND INVESTMENT BANK,
F.S.B., *formally known as* Ocean Bank,
F.S.B.,                                                     ORDER APPOINTING
                                                                         RECEIVER
                              Plaintiff,            AND
                                                                           REPORT AND
             - against -                                 <u>RECOMMENDATION</u>

LAUDAY, INC., <u>et</u> <u>al.</u>,                     CV 2009-3088 (ERK)(MDG)

                               Defendants.

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

      Plaintiff HOME LOAN AND INVESTMENT BANK, F.S.B., formerly known as Ocean Bank, F.S.B., brings this diversity action to foreclose a mortgage (the "Mortgage") on six properties in Brooklyn, New York (the "Mortgaged Properties") more particularly described in the Second Amended Complaint filed by plaintiff. <u>See</u> ct. doc. 32, ¶ 2 and Exh. A.  The mortgages were executed by defendants Lauday, Inc. and Destiny3, Inc. to secure loans extended to them by plaintiff Home Loan and Investment Bank, F.S.B. and guaranteed by defendant Andrea Torruellas (collectively called the "Borrowers").  The Honorable Edward R. Korman has referred to me for determination the motion of plaintiff for appointment of a receiver, <u>inter</u> <u>alia</u>, to collect

the rents from tenants at the Mortgaged Properties.[1]  See ct. doc. 41.  Plaintiff also moved for entry of default judgment against the Borrowers, the State of New York and Community National Bank, a motion which has been referred to me for report and recommendation.  Id.

As set forth below, I respectfully recommend that the Court grant the motion for default judgment since plaintiff has established in its submissions that the Borrowers, the State of New York and Community National Bank are in default, have failed to appear despite having been duly served with the Amended Complaint and motion for appointment of a receiver.  I also grant the motion for appointment of a receiver on consent of all the parties appearing in this action.  No opposition has been filed by the defaulting parties.

PERTINENT FACTS

Plaintiff originally commenced this action against the Borrowers, the State of New York and the City of New York. See ct. doc. 1.  After plaintiff served the complaint upon these defendants (ct. docs. 2-6) and the default of these defendants having been noted by the Clerk of the Court (ct. doc. 12), plaintiff filed an Amended Complaint adding Community National

---

[1] This motion is within my pretrial authority as a non-dispositive matter that is not specifically excepted by 28 U.S.C. § 636(b)(1)(A).  See JP Morgan Chase Bank v. Heritage Nursing Care, Inc., 2007 WL 2608827, at *1 (N.D. Ill. 2007); Fleet Dev. Ventures, LLC v. Brisker, 2006 WL 2772686, at *13-*14 (D. Conn. 2006); 28 U.S.C. § 636(b)(1)(A).

Bank as a defendant. Ct. doc. 13. After the Clerk of the Court again entered default against the Borrowers, the State of New York and Community National Bank (collectively called the "defaulting defendants"), the Court filed a default judgment of foreclosure against the defaulting defendants on February 25, 2010. See ct. docs. 24, 27.

However, a month later, plaintiff moved to set aside the default judgment, which the Court granted by electronic order filed on March 30, 2010. Ct. docs. 27, 29. As plaintiff explained, it sought to file a second amended complaint in order to add Aretha Barrett, Aretha Barrett Realty Corp., Matthew Barrett R.S. Saunders Funeral Home, Inc. as defendants (collectively, the "Barrett defendants"), because the Barrett defendants claim to hold equitable mortgages on the Mortgaged Properties and had brought proceedings in state court to foreclose the Mortgaged Properties and one other property. See ct. docs. 29, 30; Second Am. Compl. at ¶¶ 9-11 (ct. doc. 32). The Barrett defendants, the only defendants who have appeared in this action, assert in their answer cross claims against the Borrower defendants for fraud and a counterclaim to declare that plaintiff's rights are subordinate to the rights of the answering defendants. Ct. doc. 35. The Barrett defendants subsequently obtained a judgment of foreclosure against the Mortgaged Properties and one additional parcel in state court. See ct. doc. 41, Exh. 3. As plaintiff's counsel advised the referee

appointed by the state court, plaintiff does not object to sale of the Mortgaged Properties so long as any property sold is subject to the mortgages held by plaintiff because of the priority claimed by plaintiff. Ct. doc. 40.

On November 5, 2010, plaintiff filed its motion for appointment of a receiver and for entry of default judgment. Ct. doc. 41. As instructed by this Court, plaintiff served the defaulting defendants with a copy of the motion papers and a notice of a hearing scheduled for December 21, 2010. See ct. docs. 46-50. Only counsel for plaintiff and the Barrett defendants appeared at the December 21, 2010 hearing. Since the Barrett defendants did not oppose plaintiff's motion for appointment of a receiver, this Court directed the appearing parties to confer on a proposed order for appointment of a receiver. By letter dated January 7, 2011, plaintiff mailed the defaulting defendants copies of a proposed order, which was also filed electronically (ct. doc. 53), and notified counsel for the borrower defendants of a further hearing on January 13, 2011. See ct. doc. 52. To date, the defaulting defendants have not objected to plaintiff's motions or otherwise indicated an intent to participate in these proceedings.

In the absence of objection and because I find that plaintiff is entitled to the relief requested, I recommend that the motion for default judgment be granted. Plaintiff has undisputedly established that it served the defaulting defendants

and default had been entered twice against them.  See ct. 12, 24.
Thus, I recommend that the Court sign the proposed default
judgment attached as Exhibit 7 to plaintiff's motion, which,
inter alia, forecloses the rights of the defaulting defendants
from any right, claim or interest in the Mortgaged Properties,
including certain collateral thereon.  Ct. doc. 41-3, pp. 2-7.

Second, plaintiff is entitled to appointment of a receiver
under the terms of the mortgage it holds on the Mortgaged
Properties, which secure a note signed by the corporate Borrower
defendants and guaranteed by defendant Andrea Torruellas.  See
Second Am. Compl. at ¶¶ 4, 17-21.  In Article I, Section 1.7 of
the mortgage on the Mortgaged Properties, the Borrower defendants
"absolutely and irrevocably" assigned to the mortgagee the right
to collect and receive rents and gave the mortgagee the right to
revoke the conditional right of the Borrower defendants to
collect rents upon an event of default under the terms of the
mortgage and note secured thereby.  Ct. doc. 1-2 at 27.  The
mortgagee had the right to such revocation without prior notice.
Id.  Similarly, pursuant to Article II, Section 2.3 of the
Mortgage, plaintiff is entitled to appointment of a receiver
without prior notice to the Borrower.  Id. at 39.  It is
undisputed that the Borrower defendants have defaulted in
payment.  Id. at ¶ 28.

Having reviewed the proposed order appointing Martin S.
Kera, Esq. as receiver proposed by plaintiff, and finding the

order appropriate, the signed order will be filed separately herewith. Ct. doc. 53.

## CONCLUSION

For the reasons discussed above, I grant plaintiff's motion for appointment of a receiver.

I respectfully recommend that the Court grant plaintiff's motion for entry of default judgment against Lauday, Inc., Destiny3, Inc., Andrea Torruellas, Community National Bank and the State of New York.

Copies of this order appointing a receiver and Report and Recommendation will be filed via Electronic Case Filing ("ECF") on this date and a copy sent by overnight mail to the defaulting defendants. Any objections to this Report and Recommendation must be filed with the Court by February 25, 2011 and courtesy copies provided to the Honorable Edward R. Korman. However, the order appointing a receiver shall automatically go into effect absent immediate action for relief undertaken by the parties. Failure to file timely objections waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

SO ORDERED.

Dated:  Brooklyn, New York
        February 7, 2011

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE